[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff's complaint contains six counts. The first three counts are directed against LaRosa Construction Co., Inc. Counts four, five and six make similar charges against Joseph S. LaRosa individually. All of the counts concern an incident which allegedly occurred on July 6, 1994, in Meriden, Connecticut, in the early afternoon while the plaintiff was engaged in employment for the defendant corporation as a laborer assisting in the paving of a residential driveway. All of the counts charge that plaintiff while under the supervision of Joseph LaRosa was injured as a result of the actions of Joseph LaRosa. Plaintiff alleges in all six counts that defendant, LaRosa, "without just cause or provocation, wilfully, maliciously and intentionally struck and beat the plaintiff, hitting him with a gasoline can and thereby permanently injuring the plaintiff's knee and shin bone."
Count one incorporates these allegations within a claim predicated on assault and battery. Count two sounds in negligent infliction of emotional distress. Count three sounds in intentional infliction of emotional distress. Paragraph five of the first count alleges that the defendant Joseph S. LaRosa repeatedly verbally abused, castigated and demeaned the plaintiff, a Mexican-American, using phrases which were derogatory of his national origin.
The three counts against Joseph LaRosa individually follow the design of the three counts against the corporation speaking in assault and battery; negligent infliction of emotional distress; and intentional infliction of emotional distress.
The answer of both defendants admitted the corporate status of LaRosa Construction Co., Inc., that Joseph LaRosa is its president, owner, officer and agent, that the plaintiff was employed by the Corporation as a laborer working under the supervision of the defendant Joseph S. LaRosa on July 6, 1994, in CT Page 4527 Meriden, Connecticut. The answer of both defendants denied that defendant LaRosa without just cause or provocation, wilfully, maliciously and intentionally struck and beat the plaintiff.
Both defendants filed a number of special defenses. The first special defense charged the plaintiff with contributory negligence in failing to catch the oil can which was tossed to him so that he could oil his shovel and continue to work on the pavement. The second special defense alleged that the plaintiff is barred by the Workers' Compensation Act. Defendants filed three additional special defenses which are not relevant to the court's decision. Plaintiff's reply denied the aforementioned special defenses.
The court held hearings on May 21, 1996 and May 22, 1996. The plaintiff and his brother testified on behalf of the plaintiff. A licensed social worker testified on behalf of the plaintiff supplementing plaintiff's claim for emotional distress. The defendant Joseph S. LaRosa, Senior and Joseph LaRosa, offered testimony for the defendants.
The court finds as follows: Present on the job site at the time of the incident were the brothers Aquino, the Larosas' father and son and two other workers for LaRosa Construction, Leon Dontigney and Jack Reardon. The crew arrived at the site about lunch time. After lunch the work commenced. Hot tar was applied to the pavement and was rolled by a mechanical roller operated by Joseph LaRosa, Jr. The first pass of the roller was from the garage to the street. At the time of the incident, Joseph LaRosa, Jr. was sitting on the roller in the street watching his father operate a compactor moving from the garage to the street. The compactor plate requires an application of oil to prevent the hot tar from adhering to it. Joseph, Sr. was steering the compactor with his left hand and oiling ahead of it from a can held in his right hand. At a certain point plaintiff was on the left side of the compactor standing on a retaining wall about4-6 feet from the compactor. Plaintiff was using a hand tamper at the time. LaRosa, Senior determined that plaintiff could more conveniently oil in front of the compactor and called out to the plaintiff to alert him. He then tossed the oil can which was of two-gallon capacity and half full weighing about fifteen pounds in the direction of plaintiff. Plaintiff was unable to catch the can which collided with his left knee and shin. Plaintiff immediately left the job and returned home. July 7, 1994 was a Thursday. Plaintiff went to the emergency room at 8:14 that CT Page 4528 evening complaining that his boss threw the oil can at him. The hospital record indicates he sustained an abrasion without instability and a complaint of knee pain. The plaintiff was discharged that evening. He returned to work the following Monday and continued working without complaint until March of 1995, when he was laid off for lack of work.
Sometime in October or early November of 1995, he visited a walk-in clinic and was referred to a dermatologist who saw him on two occasions in November of 1995. Dr. Perricone's report describes an atrophic scar of the left tibia and a condition of thickening of the skin at the left knee region described as lichen simplex chronicus. The report does not attribute either of these conditions to the July 7, 1994 incident. The doctor opined that there should be no disability related to the skin lesions seen on the patient.
The emergency room treatment bill was submitted to the workers' compensation carrier. Dr. Perricone's bill was paid by the plaintiff. The plaintiff sought therapy for emotional problems sometime after March of 1995, but did not provide the court with either written reports or oral testimony to medically relate his emotional condition or the costs thereof to the July 6, 1994 incident.
Plaintiff's theory of independent tort liability for personal injuries outside the normal parameters of the Workers' Compensation law is predicated on the holding of Jett v. Dunlop,179 Conn. 215 (1979). The Workers' Compensation Act, section 31-284(a) 1995 Revision abolished all rights and claims between employer and employees arising out of personal injury or death sustained in the course of employment. Section 31-293a limits employer's rights against a fellow employee based on the negligence or wrong of a fellow employee specifically providing that benefits or compensation under the Act shall be the exclusive remedy of such injured employee and no action may be brought against such fellow employee unless such wrong was wilful and malicious.
In order to prevail in this action against Joseph LaRosa, Sr., the plaintiff has the burden of proving that LaRosa's actions in producing his injury was wilful and malicious. Both defendants admitted that Joseph LaRosa, Sr. was supervising the plaintiff when he was injured on the job and therefore was a fellow employee. Jett v. Dunlop, Id. 217 teaches us that even an CT Page 4529 intentional tort by a supervising fellow employee will not ordinarily pierce the protective barrier provided to the employer by section 31-284(a). Only if the defendant employer intentionally directed or authorized the supervisor to strike or assault the employee is the Jett v. Dunlop exception applicable.
The language of Jett v. Dunlop, Id. 219 tells us that before the employer can be liable under the concept of respondeat superior in common law liability for the action of the supervisory employee, the supervisory employee must be characterized as the "alter ego of the corporation."
The defendants in their answer admit that in this case the supervisory employee who allegedly caused this employee's injury is the president, owner, officer and agent of LaRosa Construction Co., Inc. This admission together with other evidence produced at trial enables the court to find that Joseph LaRosa, Sr. is the "alter ego of the Larosa Construction Co., Inc.
Plaintiff offered evidence that Joseph LaRosa threw the oil can at him in order to prove the injury was "wilful and malicious". The defendant testified that he tossed the oil can to plaintiff from a distance of 4-6 feet and that he had no intention of striking the employee, he intended the employee to catch the can in order to commence oiling before the compactor. This testimony was credible under all the circumstances found by the court, and accordingly, the court finds that the plaintiff has failed to prove that LaRosa, Sr. intentionally caused the oil can to strike the plaintiff.
The defendant LaRosa, Sr. also testified that the contact between the oil can and plaintiff was accidental, that his actions in tossing the oil to the plaintiff were consistent with the custom of construction workers and that he did not intend to injure the plaintiff. The court finds this testimony credible and corroborate by other testimony. The court concludes that the plaintiff has failed to prove that the injury sustained by the plaintiff was the result of an intentional or deliberate act of the employer designed to cause the injury that resulted.Mingachos v. C.B.S., Inc., 196 Conn. 91, 102 (1985).
Accordingly, judgment may enter for the defendants.
Dorsey, J. State Trial Referee CT Page 4530